UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS INC., | No. C-11-2224 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER IN PART; AND DENYING DEFENDANTS' MOTION TO DISMISS** |
| KENNETH T. LOONEY, *et al.*, | |
| Defendants. | **(Docket Nos. 16, 17)** |

Plaintiff's unopposed motion to strike portions of Defendants' Answer and Defendants' motion to dismiss came on for hearing before the Court on December 2, 2011. Docket Nos. 16, 17. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to strike and **DENIES** Defendants' motion to dismiss.

## I. FACTUAL & PROCEDURAL HISTORY

Plaintiff Joe Hand Promotions Inc. filed this suit against Defendants Kenneth T. Looney and HtwoO, LLC, alleging that Defendants showed an unlicensed broadcast of *Unlimited Fighting Championship 113: Machinda v. Shogun 2* ("Program"). Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the Program, and entered into sublicensing agreements with commercial entities throughout the country. Compl. ¶¶ 10-11. Although Defendants did not have a sublicense to show the Program, Defendants allegedly showed the Program at their commercial establishment in Berkeley. Compl. ¶ 13.

Based on this unlicensed broadcast, Plaintiff now brings claims for violation of 47 U.S.C. § 605, violation of 47 U.S.C. § 553, conversion, and violation of California Business and Professions

Code § 17200 et seq. Defendant Looney, on behalf of himself and Defendant HtwoO, LLC, answered the complaint and raised several affirmative defenses. Docket No. 12 ("Answer."). Plaintiff now moves to strike Defendants' Answer as to Defendant HtwoO, LLC, as well as Defendants' affirmative defenses. Docket No. 16. Defendants move to dismiss Plaintiff's complaint. Docket No. 17.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

Under Federal Rule of Civil Procedure 12(F), "[t]he [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527).

#### 1. Motion to Strike Defendant HtwoO, LLC's Pro Se Answer

The Court strikes Defendants' Answer to the extent that it was filed on behalf of Defendant HtwoO, LLC. A corporation may only appear in court through an attorney. *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Where a pro se litigant attempts to file an answer on behalf of a corporation, the answer must be stricken. *See, e.g.*, *DR JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Because Defendant HtwoO, LLC is a limited liability corporation that must be represented by an attorney, the Court grants Plaintiff's motion and strikes Defendant HtwoO's Answer without prejudice.

#### 2. Motion to Strike Defendants' Affirmative Defenses

The Court also strikes Defendants' affirmative defenses. An affirmative defense pleads "matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of the allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, Case No.: 10-cv-00168-LHK, 2010 U.S. Dist. LEXIS 104980, at *12 (N.D. Cal. Sept. 23, 2010). The court may strike an affirmative defense that "is

insufficient as a matter of pleading or as a matter of law." *J & J Sports Prods. v. Vizcarra*, Case No. 11-1151 SC, 2011 U.S. Dist. LEXIS 109732, at *3 (N.D. Cal. Sept. 27, 2011).

Here, Defendants attempts to raise four affirmative defenses: (1) Plaintiff failed to prove that Defendants were aware of the sublicensing agreements; (2) Plaintiff failed to prove that the Program was shown at Defendants' establishment; (3) Plaintiff failed to prove that Defendants were aware of the licensing requirements; and (4) Plaintiff failed to show that Defendants profited from showing the Program. Answer at 3. However, these averments are either not affirmative defenses, but are general denials of an element of Plaintiff's claim, or are without legal merit. The Court thus strikes Defendants' affirmative defenses with prejudice.

B.  Motion to Dismiss

The Court denies Defendants' motion to dismiss. Defendants primarily argue that Defendants are not liable for the amount of damages that Plaintiff is demanding. Docket No. 18 at 2. As Defendants do not explain whether Plaintiff's claims are legally deficient or present a theory on which dismissal can be granted, Defendants' motion is denied.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to strike Defendants' Answer as to Defendant HtwoO, LLC without prejudice. Defendant HtwoO, LLC has 60 days to find counsel and file an answer to Plaintiff's complaint. The Court **GRANTS** Plaintiff's motion to strike Defendants' affirmative defenses with prejudice, and **DENIES** Defendants' motion to dismiss.

This order disposes of Docket Nos. 16 and 17.

IT IS SO ORDERED.

Dated: December 8, 2011

_____
EDWARD M. CHEN
United States District Judge

3